United States District Court
Southern District of Texas
**ENTERED**
August 17, 2026
Nathan Ochsner, Clerk

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF TEXAS**
**LAREDO DIVISION**

| | | |
|---|---|---|
| **DANIEL CARRERA CHAVARRIA,** | § | |
| | § | |
| **Petitioner,** | § | |
| **V.** | § | **CIVIL ACTION NO. 5:26-CV-01025** |
| | § | |
| **WARDEN, RIO GRANDE DETENTION CENTER, *et al.*,** | § | |
| | § | |
| | § | |
| **Respondents.** | § | |

**ORDER**

Before the Court is Petitioner's First Amended Petition for Writ of Habeas Corpus, (Dkt. No. 5), Respondents' Motion for Summary Judgment and Response to the Petition, (Dkt. No. 12), Respondents' Supplemental Briefing and Motion to Dismiss as Moot for Lack of Subject Matter Jurisdiction, (Dkt. No. 16), and Petitioner's Advisory, (Dkt. No. 17). According to Respondents' Supplemental Briefing, Petitioner is no longer in ICE custody because he was turned over to the Texas Department of Public Safety on July 8, 2026, in connection with an active criminal warrant. (Dkt. No. 16 at 1). Petitioner's counsel represents that Petitioner was released from custody on July 24, 2026, and is not presently detained by U.S. Immigration and Customs Enforcement or by any state or local authority. (Dkt. No. 17 at 1).

The instant petition was brought under 28 U.S.C. § 2241, which provides in relevant part: "The writ of habeas corpus shall not extend to a prisoner unless . . . [h]e is in custody in violation of the Constitution or laws or treaties of the United States." § 2241(c) (emphasis added). Generally, the Court's jurisdiction is limited to "actual, ongoing controversies between litigants." *Deakins v. Monaghan*, 484 U.S. 193, 199 (1988). "A claim is moot when a case or controversy no longer exists between the parties." *Brinsdon v. McAllen Indep. Sch. Dist.*, 863 F.3d 338, 345 (5th Cir. 2017). In the Section 2241 context, if a petitioner is not in the physical custody of immigration officials, and there are no known restrictive conditions on his liberty, then the petition is moot. *See Rosales v. Bureau of Immigr. & Customs Enf't*, 426 F.3d 733, 735 (5th Cir. 2005) (explaining that Section 2241's "in custody" requirement extends beyond physical custody

to also include other restraints on liberty).

The Court finds that the petition must be dismissed as moot. Here, Petitioner is no longer in custody within the meaning of 28 U.S.C. § 2241(c). *See Rosales*, 426 F.3d at 735. He is not in physical custody of Respondents, and he does not challenge any restrictive conditions on his liberty. As such, the Court finds no reason to believe that there is a live controversy remaining after Petitioner's release, and the Court therefore has no jurisdiction.

Accordingly, Petitioner's First Amended Petition for Writ of Habeas Corpus, (Dkt. No. 5), Respondents' Motion for Summary Judgment and Response to the Petition, (Dkt. No. 12), are **DENIED as moot**.

A final judgment will follow.

It is so **ORDERED**.

**SIGNED** on August 17, 2026.

John A. Kazen
United States District Judge